FILED
2017 Apr-14 AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. RICHARDS, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> CHRISTOPHER GORDY, Warden, and ) <br> THE ATTORNEY GENERAL OF ) <br> THE STATE OF ALABAMA, ) <br> ) <br> Respondents ) | Case No. 5:17-cv-00253-LSC-HGD |

## **MEMORANDUM OPINION**

On March 15, 2017, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. Petitioner sought and obtained an extension of time, to April 12, 2017, in which to file objections. Petitioner filed objections to the magistrate judge's report and recommendation on April 7, 2017.

After careful consideration of the record in this case, the magistrate judge's report and recommendation and petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the

recommendations of the magistrate judge that the petition for writ of habeas corpus be dismissed pursuant to 28 U.S.C. § 2244(b), for failure to comply with 28 U.S.C. § 2244(b)(3)(A), and as time-barred under 28 U.S.C. § 2244(d).

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383, 3394-95 & n.4, 77 L.Ed.2d 1090 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate

whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. For the reasons stated in the magistrate judge's report and recommendation, the Court DECLINES to issue a COA with respect to any claims.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON APRIL 14, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704